

**FILED**

SEP - 8 2005

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

**SPENCER D. BERRY, M.D.,**

    Plaintiff,

vs.

**PROVIDENT LIFE AND
ACCIDENT INSURANCE COMPANY,**

    Defendant.

CIV. _05-4139_

**COMPLAINT**

---

    The Plaintiff, Spencer D. Berry, M.D. (Dr. Berry), for his Complaint against the above-named Defendant, Provident Life and Accident Insurance Company (Provident), states and alleges as follows:

### Parties, Jurisdiction and Venue

    1.    Dr. Berry is a medical doctor who now resides in Fargo, North Dakota, and formerly resided in Mitchell, South Dakota, where he practiced his medical specialty, family practice medicine.

    2.    While residing in Mitchell, South Dakota, Dr. Berry purchased a disability policy from Provident on or about April 14, 1993.

    3.    Provident is a licensed insurance company and at all times material conducted business in the State of South Dakota.

    4.    Jurisdiction in this lawsuit in federal district court is proper pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different states.

    5.    Venue in the United States District Court for South Dakota, Southern Division is proper pursuant to 28 U.S.C. §1391(a), as jurisdiction is founded only on diversity jurisdiction, the parties do not all reside in the same state, and the Southern District of South Dakota is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

### Statement of Facts

    6.    Dr. Berry realleges and incorporates by reference all preceding paragraphs.

COMPLAINT
Spencer D. Berry, M.D. v. Provident Life and Accident Ins. Co.

7. On or about April 14, 1993, Provident provided disability insurance to Dr. Berry, Policy Number 06-337-B-4092009, a copy of which is attached as Exhibit A.

8. From April 14, 1993, through the present, Provident provided disability insurance to Dr. Berry.

9. Dr. Berry has paid substantial premiums for the disability coverage provided by Provident.

10. In 1995, during the period of time covered by Dr. Berry's disability policy, Dr. Berry was diagnosed as suffering from obsessive compulsive disorder (OCD) and generalized anxiety disorder.

11. As a result of his illness, beginning in 1995, Dr. Berry was no longer able to practice family practice medicine, a specialty in which he held board certification and had practiced for a number of years in Mitchell, South Dakota, prior to his illness.

12. Dr. Berry subsequently moved his family to Fargo, North Dakota, and began practicing as a convenient care physician, which required much less charting and follow-up with patients. Dr. Berry continued to practice in Fargo until early 2000, when he was relieved of his duties due to charting difficulties. At that time, Dr. Berry began cognitive therapy and subsequently returned to a limited medical practice as a convenient care physician.

13. Dr. Berry reported his disability to his insurance agent, Todd Boyd of Mitchell, South Dakota, who assisted Dr. Berry in reporting his disability to Provident.

14. Dr. Berry has been totally disabled as defined by the policy since at least September of 1995.

15. Although Dr. Berry made a timely claim to Provident of his disability, Provident has only paid residual disability when, in fact, Dr. Berry has always been and is currently entitled to total disability benefits as defined by the policy.

## Count 1

### Breach of Contract

16. Dr. Berry realleges and incorporates by reference all preceding paragraphs.

17. Since 1993 to the present, Dr. Berry has had a contract of insurance with Provident providing Dr. Berry with disability insurance.

18. Pursuant to the contract, Dr. Berry paid substantial and ongoing premiums to Provident in exchange for the purported insurance coverage.

COMPLAINT
Spencer D. Berry, M.D. v. Provident Life and Accident Ins. Co.

19.   Page 4 of the policy defines Total Disability as follows:

**Total Disability** or **totally disabled** means that due to Injuries or Sickness:

1.   you are not able to perform the substantial and material duties of your occupation; and

2.   you are receiving care by a Physician which is appropriate for the condition causing the disability. We will waive this requirement when continued care would be of no benefit to you.

**your occupation** means the occupation (or occupations, if more than one) in which you are regularly engaged at the time you become disabled. If your occupation is limited to a recognized specialty within the scope of your degree or license, we will deem your specialty to be your occupation.

20.   At the time of his disability, Dr. Berry's occupation was that of a family practice physician and his practice was limited to the recognized specialty of family practice medicine.

21.   At the time of his disability, Dr. Berry was board certified in the specialty of family practice medicine.

22.   Since at least September of 1995, Dr. Berry has been unable to perform the substantial and material duties of his occupation as a specialist in family practice medicine.

23.   Since at least September of 1995, Dr. Berry has been receiving care by one or more physicians, which care was and is appropriate for the condition causing his disability.

24.   Provident has denied total disability coverage to Dr. Berry in spite of his repeated requests.

25.   Provident breached its contract of insurance by refusing to provide insurance coverage for Dr. Berry's disability, coverage for which Dr. Berry paid substantial premiums.

## Count 2
### First-Party Bad Faith

26.   Dr. Berry realleges and incorporates by reference all preceding paragraphs.

27.   Because the insurance policy constituted a contract of insurance between

3

Dr. Berry and Provident, there existed an implied covenant of good faith and fair dealing between them.

28.    Dr. Berry provided timely notice to Provident of his disability giving rise to coverage and demanded payment for the same.

29.    There is an absence of a reasonable basis for Provident's denial of Dr. Berry's claim for total disability coverage and for delay in deciding whether to provide coverage.

30.    Provident knew that there was a lack of a reasonable basis for denial of or delay in responding to the claim or it acted in reckless disregard as to whether or not a reasonable basis existed for the denial of the claim.

31.    Provident denied or are delaying action on Dr. Berry's claim for coverage in violation of the implied covenant of good faith and fair dealing and thereby acted in or is acting in bad faith.

32.    Provident's refusal to provide coverage and to honor the plain terms of the insurance contract was willful, vexatious, and without reasonable basis, resulting in substantial damages to Dr. Berry.

## Count 3
### Punitive Damages

33.    Dr. Berry realleges and incorporates by reference all preceding paragraphs.

34.    The conduct of Provident has been and remains willful, unreasonable, or done in conscious or reckless disregard for the rights of Dr. Berry, vexatious, and without reasonable cause, for which punitive damages are recoverable under SDCL 21-3-2.

## Count 4
### Attorney's Fees Pursuant to SDCL 58-12-3

35.    Plaintiff realleges and incorporates by reference all preceding paragraphs.

36.    Provident has refused to pay Dr. Berry for his total disability as required by the contract of insurance between them, and such refusal is vexatious or without reasonable cause.

37.    Pursuant to SDCL 58-12-3, Dr. Berry is entitled to an award of reasonable attorney fees.

COMPLAINT
Spencer D. Berry, M.D. v. Provident Life and Accident Ins. Co.

## Prayer for Relief

WHEREFORE, Dr. Berry respectfully prays for the following relief:

(1)    For his compensatory, general, special, contractual, and consequential damages in an amount to be determined by the Court;

(2)    For punitive damages in an amount to be determined by the Court;

(3)    For attorney's fees pursuant to SDCL 58-12-3;

(4)    For prejudgment interest, post-verdict interest, and post-judgment interest; and

(5)    For any other and further relief which the Court deems just and proper.


Dated this 7th day of September, 2005.

Michael F. Marlow
Johnson, Heidepriem, Miner, Marlow & Janklow, LLP
200 West Third Street
PO Box 667
Yankton, SD 57078
E-mail: mike@jhmmjlaw.com
Telephone: (605)665-5009
Facsimile: (605)665-4788

Attorneys for Plaintiff